UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:                                              Chapter 13

    Alper Kolcu,                                Case No. 23-20340-rmb
    Debtor

**NOTICE OF MOTION TO AMEND THE COURT'S JANUARY 9, 2024 DOOMSDAY ORDER TO ENLARGE THE TIME TO COMPLY *AFTER* DEADLINE EXPIRATION**

    The Debtor, through undersigned counsel, moves under Federal Rule of Bankruptcy Procedure 9006(b)(1) to enlarge the deadlines set in the court's January 9, 2024 order.

    **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to grant the relief sought in motion, or if you want the court to consider your views on the motion, then on or before **March 11, 2024**, you or your attorney must:

    File with the court a written response explaining your position at:

> United States Bankruptcy Court
> 517 E Wisconsin Avenue, Room 126
> Milwaukee, WI 53202

    If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

Robert J. Eddington
Eddington Law Office LLC
250 E. Wisconsin Ave. #1800
Milwaukee, WI 53202
Phone: 414-347-5639
Email: rje@eddingtonlawoffice.com

You must also send a copy to

        Eddington Law Office LLC
        Robert J. Eddington
        250 E Wisconsin Avenue #1800
        Milwaukee, WI 53202

     If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may determine that your failure to object constitutes grounds to enter an order granting that relief.

                                             Eddington Law Office LLC
                                             Attorney for Debtor

Dated: 3/4/2024                                                                By: /s/ Robert J. Eddington

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:  Chapter 13

    Alper Kolcu,  Case No. 23-20340-rmb
    Debtor

**MOTION TO AMEND THE COURT'S JANUARY 9, 2024 DOOMSDAY ORDER TO ENLARGE THE TIME TO COMPLY *AFTER* DEADLINE EXPIRATION**

NOW COMES the Debtor, through undersigned counsel, and respectfully moves pursuant to Bankruptcy Rule 9006(b)(1) to enlarge the deadlines set in the Court's January 9, 2024 Order. **The Debtor is filing and serving this motion <u>after</u> the expiration of those deadlines.** The Debtor states that the Debtor's failure to act was the result of excusable neglect based on the circumstances described below.

    1.    On January 9, 2024, the Court entered an order requiring the Debtor to resume post-petition mortgage and Home Equity Line Of Credit (HELOC) payments, beginning with the December 2023 payment.

    2.    The January 9, 2024 Order authorized Summit Credit Union to file an affidavit of default should the Debtor not make a post-petition mortgage payment by the 15th day of the month through and including October 2024.

    3.    The Debtor timely submitted his December 2023 and January 2024 mortgage and HELOC payments.

    4.    On January 25, 2024—prior to the due date—the Debtor submitted his February 2024 mortgage payment. The Debtor assigned a refund payment he received from Verizon in the

amount of $1,157.76 to Summit Credit Union for his February 2024 mortgage payment. The Debtor advised counsel that a banker at Summit Credit Union indicated that this form of payment would be acceptable.

5. On or about February 2, 2024, the Debtor left Wisconsin and was out of the country for approximately two weeks. The Debtor returned to Chicago on February 16, 2024 and returned to his home in Wisconsin on or about February 23, 2024.

6. Unbeknownst to the Debtor, Summit Credit Union did not accept the February 2024 mortgage payment (tendered on January 25, 2024). Counsel was advised by counsel for Summit Credit Union that the Payor (Verizon) did not honor the check because the check was more than 180 days old.

7. Upon information and belief, Summit Credit Union sent a notice dated January 30, 2024 to the Debtor that the January 25, 2024 payment was returned.

8. The Debtor advised counsel that he did not receive that notice due to his absence from home. The Debtor advised counsel that he did not see the January 30, 2024 notice until February 26, 2024.

9. On February 26, 2024, the Debtor went in person to a Summit Credit Union branch and tendered payments of $1,100 for his February 2024 mortgage payment and $500 for his February 2024 HELOC payment. On that same day, the Debtor tendered an additional $430 HELOC payment to Summit Credit Union. These payments should have made the Debtor current on post-petition mortgage payments through March 1, 2024 and on HELOC payments through April 1, 2024.

10. For reasons unknown to the Debtor, Summit Credit Union did not accept these payments and refunded them back to the Debtor's bank account.

11. On March 4, 2024, the Debtor resubmitted the payments to Summit Credit Union through his online banking portal. As of the time of filing of this motion, those payments appear to have been made successfully.

12. Bankruptcy Rule 9006(b)(1) authorizes this Court to extend the deadline for complying with the doomsday provisions of the January 9, 2024 order "where the failure to act was the result of excusable neglect." In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 398 (1993), the Supreme Court held that the determination of whether neglect will be deemed excusable "is at bottom an equitable one." To make this determination, courts take into account "all relevant circumstances surrounding the party's omission….[including]….the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

13. In this case, the Debtor meets the excusable neglect standard for several reasons.

14. *First*, the lapse in time for the February 2024 mortgage payment was due primarily to circumstances beyond the Debtor's reasonable control—namely the rejection of the payment by the Payor due to the age of the check. The Debtor believed in good faith that he had made the payment, particularly in light of the assurances he received from bank personnel that the payment would be accepted. He did not receive the notice that Summit Credit Union sent

because he was out of the country at the time it was delivered, and by the time he returned to Wisconsin on February 19, 2024, the deadline had already passed.

15. *Second*, the Debtor has shown his good faith intention to comply with the Court's January 9th by tendering his February 2024 mortgage payment more than two weeks early. Additionally, when the Debtor became aware of the returned payment, he attempted to cure the missing payments—not once, but *twice* (on February 26, 2024 and again on March 4, 2024).

16. To the extent that these payments were not been accepted by Summit Credit Union—even though they were tendered by the Debtor—such circumstances are beyond the Debtor's reasonable control.

17. Because of the difficulty the Debtor has encountered in ensuring that his payments will be accepted and credited by Summit Credit Union, if the Court is inclined to grant this motion, the Debtor believes that an additional fourteen (14) days would be appropriate to ensure that his February 2024 payments are received and credited.

18. For these reasons, the Debtor respectfully requests that the Court enlarge the deadline for the Debtor to make his February 2024 mortgage and HELOC payment through and including **March 18, 2024**.

Dated: March 4, 2024          */s/ Robert J. Eddington*
                              Counsel for the Debtor
                              Bar No. 1078868
                              Eddington Law Office LLC
                              250 E. Wisconsin Ave. #1800
                              Milwaukee, WI 53202
                              414-347-5639 (Tel)
                              414-433-1866 (Fax)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In the Matter of: | Chapter 13 |
| Alper Kolcu,<br>Debtor | Case No. 23-20340-rmb |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that on March 4, 2024, he caused a true and correct copy of the attached Notice Of Motion and Motion To Enlarge Time To Comply With The Court's January 9, 2024 Order <u>After</u> Deadline Expiration, as well as a proposed order granting same that was filed contemporaneously therewith, to be served on the Trustee, the Office of the U.S. Trustee, counsel for Summit Credit Union, and any other parties receiving electronic notice via the Court's CM/ECF filing system.

Dated: March 4, 2024

<u>*/s/ Robert J. Eddington*</u><br>
Counsel for the Debtor<br>
Bar No. 1078868<br>
Eddington Law Office LLC<br>
250 E. Wisconsin Ave. #1800<br>
Milwaukee, WI 53202<br>
414-347-5639 (Tel)<br>
414-433-1866 (Fax)